UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE ALLEN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:05CV457 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Pierre Allen to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 petition Allen contends:

1. He should not have been sentenced as an armed career offender because the enhancement was not disclosed in the plea agreement, was not charged in the indictment and not admitted by Allen;

2. His counsel was ineffective because she did not object to the armed career offender enhancement; and

3. His three prior violent felony convictions should not have been used to classify him as an armed career offender because the prior violent felony convictions received no criminal history points under the Sentencing Guidelines for the purpose of calculating his criminal history.

In direct contradiction of the allegations contained in his § 2255 petition, Mr. Allen signed a plea agreement and told me under oath that he understood that he was subject to an enhanced sentence if he was found to be an armed career

offender. The record clearly establishes that Allen's counsel objected to and argued against a finding that Allen was an armed career offender.

Mr. Allen's arguments are not supported by the facts or the law. In addition Mr. Allen waived his right to file a direct appeal and to file this collateral attack on his plea and sentence.

Mr. Allen's § 2255 petition will be denied.

## **Background**

On January 23, 2003, the United States Federal Grand Jury for the Eastern District of Missouri returned a one-count indictment charging that Pierre Allen, having previously been convicted of a felony offense punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, to wit: an EIG Germany, .22 Short Caliber revolver.

On February 5, 2003, a Superseding Indictment was returned by the Federal Grand Jury. In the Superseding Indictment, Count I remained and the Federal Grand Jury added an additional count to include a second felon-in-possession charge. This charge arose out of the fact that when Allen was arrested on the arrest warrant for the initial indictment, he was found to be in possession of another firearm.

Before this case was reached for trial, Pierre Allen entered a plea of guilty to one count of conspiracy to violate a federal law. More specifically, the Government

agreed to dismiss Counts I and II of the Superseding Indictment in exchange for Allen's plea of guilty to Count I of a Superseding Information in which Allen would admit to conspiring to violate a federal law, that is, to possess a firearm knowing that he was a prohibited person. On April 9, 2003, Allen appeared before me and admitted his guilt to Count I of the Superseding Information. Sentencing was set for June 20, 2004.

Unfortunately, just two weeks after Allen entered his plea of guilty to Count I of the Superseding Information, Allen was arrested for possession of an additional three firearms and approximately 77,000 grams of marijuana. These items were found in Allen's residence. As a consequence, Magistrate Judge Audrey Fleissig entered an order on May 12, 2003, revoking Allen's pretrial release. The Government also filed a motion with me to withdraw the previously negotiated plea agreement.

On July 21, 2003, following briefing and hearings on this issue based on Allen's intervening criminal conduct and arrest, I granted the Government's motion to withdraw the plea agreement. I dismissed the Superseding Information and the case proceeded on the Superseding Indictment. The case was set for trial on September 8, 2003. Before trial, Allen entered a plea of guilty to Count II of the two-count superseding indictment. During his plea colloquy I asked Allen if he

understood that he might be subject to an increased sentence if he was found to be an armed career offender:

Q. But apparently, it's possible, based upon your criminal history, that you would be determined to be an armed career criminal, and if that is the case, then your offense level would be 33 pursuant to Section 4B1.4(b)(3)(b). Do you understand that?

A. Yes, sir. (Plea p. 14, l. 20-25).

Q. If you're not an armed career criminal, the parties — that being you and the Government — are recommending that your total offense level would be 12. However, if you are found to be an armed career criminal, then the United States Attorney estimates that your total offense level after deduction for acceptance of responsibility would be 30. Do you understand that?

A. Yes, sir. (Plea p. 15, l. 1-8).

The Court: If you're found to be an armed career criminal, then a different statute applies to you. You understand that?

Defendant: Yes, sir.

The Court: And under those circumstances, then the term of imprisonment would be <u>not less than 15 years</u> and not more than life in prison. Do you understand that? (Emphasis added).

Defendant: Yes, Sir. (Plea p. 19, l. 3-19).

The Court: Do you understand that by pleading guilty, you are subjecting yourself to the maximum penalties I've just described?

Defendant: Yes, Sir. (Plea p. 18, l. 25 - p. 20, l. 1-3).

Before Allen's sentencing hearing Allen's counsel filed written objections to the presentence report recommendation that Allen be classified as an armed career

offender. Allen's counsel orally renewed these objections at the sentencing hearing. Despite his counsel's arguments I determined that Allen had three prior felony convictions for crimes of violence resulting in a finding that he was an armed career offender.

After I determined that Movant was an Armed Career Criminal pursuant to Title 18 U.S.C. 924(e), I sentenced Allen to the custody of the Bureau of Prisons for the statutory minimum term of 180 months' imprisonment.

Allen then attempted to appeal the judgment and sentence of this Court to the United Court of Appeals for the Eighth Circuit. The Government filed a motion to dismiss Allen's appeal based on an enforceable waiver of Allen's right to appeal, as set forth in the plea agreement. On April 19, 2004, the Court of Appeals granted the Government's motion to dismiss and dismissed the appeal for lack of jurisdiction.

On March 21, 2005, Movant filed this § 2255 motion for post-conviction relief.

# Analysis

## Allen waived his right to file this §2255 petition.

In his plea agreement Allen expressly waived his right to file a § 2255 petition other than in the case of ineffective assistance of counsel:

> in the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to: any issues relating to pre-trial motions, hearings and discovery; *any issues relating to the negotiation, taking or acceptance of the guilty plea* or the factual basis for the plea; and, whatever sentence is imposed, *any issues relating to the establishment of the Total Offense Level or Criminal History Category* determined by the Court, except that the parties reserve the right to appeal from any Chapter 5 upward or downward departure from the Guidelines range if such departure is not agreed to in this document. (Plea Agreement).

At his plea hearing Allen told me under oath that he understood that he was waiving his right to seek post conviction relief:

Q. Okay. And in addition, if I sentence you consistent with this agreement, you've agreed not to file any other motions or any other lawsuits challenging how your case has been handled, including a petition under 28 U.S.C. 2255. Do you understand that?

A. Yes, sir. (Plea p. 13, 1.15-20).

I accepted the plea agreement and sentenced Allen within the applicable guideline range contemplated by the Plea Agreement. As a result, Allen waived his right to file a direct appeal and waived his right to file this § 2255 petition.

On April 16, 2004, the United States Court of Appeals enforced the waiver in Allen's plea agreement with its dismissal of Allen's direct appeal:

> The court grants appellee's motion to dismiss based on an <u>enforceable waiver of appellant's right to appeal</u>. This appeal is dismissed for lack of jurisdiction. (Emphasis added).

<u>United States v. Allen</u>, 04-1261 (8th Cir. 2005).

Allen's waiver is equally enforceable here. Allen's challenge to the legal proceedings which resulted in his classification as an armed career offender is dismissed for lack of jurisdiction.

**Analysis on the merits.**

Even if Allen has not waived his right to file this § 2255 petition his claims would fail on the merits.

**Ground One**

Allen's claim in his first ground for relief that the possibility that he might be sentenced as an armed career offender was not disclosed in his plea agreement is contrary to the facts. The plain language of the plea agreement discussed the possibility and consequences of an armed career offender enhancement. Further, Mr. Allen told me under oath at his plea hearing that he understood that he might be sentenced as an armed career offender.

Allen's allegations that he was required to be charged as an armed career offender in the indictment fails because there is simply no such requirement.

Allen also claims that he did not admit that he was an armed career offender. However, Allen did admit the existence of the underlying violent felony convictions.

In <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005), the United States Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S.Ct. at 756. <u>See also</u> <u>United States v. Burns</u>, 409 F.3d 994 (8th Cir. 2005).
WL 1366430 (8th Cir. (Mo.)). The Eighth Circuit Court of Appeals has specifically held that it does not violate <u>Booker</u> for the sentencing court to categorize a prior conviction, for purposes of sentence enhancement. <u>Howard v. United States of America</u>, 2005 WL 1368039 (8th Cir. (Mo.)) (citing <u>United States v. Patterson</u>, 412 F.3d 1011 (8th Cir. 2005)).

The law is clear that a sentencing court can make the finding as to whether a prior conviction constitutes a violent felony for purposes of determining whether a defendant is an Armed Career Criminal.

As a result, Allen's complaint that he did not admit he was an armed career offender is not relevant.

Movant's first ground for post-conviction relief is without merit and should be denied.

**Ground Two**

For his second ground for post-conviction relief, Allen contends that his counsel was ineffective because counsel failed to object to the Armed Career Criminal offender enhancement before Allen signed the plea agreement. Allen alleges that his counsel told him that she would make this argument at his sentencing but at sentencing she only objected to the fact that it was not fair because of the remoteness in time.

A movant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). To succeed on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced the movant's case. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Sera, 267 F.3d 872, 874 (8th Cir. 2001); DeRoo, 223 F.3d at 925.

An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Strickland, at 687-88; Sera, 267 F.3d at 874. In evaluating an attorney's performance, a court must begin with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Sera, 267 F.3d at 874. See also Ford v. Lockhart, 905 F.2d 458, 462 (8th Cir. 1990) (evaluation of a claim

of ineffective assistance of counsel is highly deferential with a strong presumption that counsel acted competently).

I do not need to determine whether Allen meets the "performance" prong of the Strickland test because both the United States Supreme Court and this Court have noted that "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" Young v. Bowersox, 161 F.3d 1159, 1160 (8th Cir. 1998) (quoting Strickland, 466 U.S. at 697), cert. denied, 528 U.S. 880 (1998). See also Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir.) (if the petitioner makes an insufficient showing on one component, the court need not address both components), cert. denied, 531 U.S. 829 (2000).

To establish prejudice, the movant must prove that a reasonable probability exists that, but for counsel's errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 694; DeRoo, 223 F.3d at 925. Thus, in order to prevail on his claim of ineffective assistance of counsel, Allen must first establish that his counsel's alleged failure to object to the armed career offender enhancement rose to the level of a constitutionally deficient action. In other words, Allen must show that there is a reasonable probability that, had his counsel objected, the outcome of his proceedings would have been different. First, Allen's counsel did in fact object in writing before sentencing and orally at sentencing to the enhancement.

Counsel's arguments failed. Second, I cannot imagine any argument by counsel that could have avoided the effect of the statute.

The classification of Allen as an Armed Career Criminal was statutorily defined. Title 18 U.S.C. Section 924(e) expressly provides that

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisonment not less than fifteen years.
>
> The term "violent felony" is defined as:
>
> any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

See 18 U.S.C. Section 924(e)(2)(B).

It is undisputed that Allen had three violent felonies as defined under Section 924(e)(2)(B). As a result Allen was properly determined to be an Armed Career Criminal under 924(e)(1). There simply was no argument that Movant's attorney could have made which would have altered this finding. Moreover, there is absolutely no discretion afforded to me with regard to this finding. As a result, it is irrelevant whether Allen's counsel said anything regarding Allen's classification at

the change of plea proceedings or whether she waited to make an argument at the time of sentencing. It is irrelevant whether Allen's counsel

said anything at all. The simple fact is that the statute required a finding that Allen was an Armed Career Criminal.

Allen cannot establish that his counsel's performance somehow rose to the level of constitutionally infirm representation. Moreover, Allen cannot establish that he was prejudiced by his counsel's representation. In fact, Allen was well represented by able counsel in her representation of Movant on this issue.

Allen's second ground for post-conviction relief is denied.

**Ground Three**

Third, Allen contends that counsel was ineffective because Allen's three prior violent felony convictions should not have been used to classify him as an armed career offender because the three prior violent felony convictions received no criminal history points for the purpose of his criminal history category calculation under the guidelines.

Allen's third ground for relief does not appear to be a claim of ineffective assistance of counsel, because Allen does not state where his counsel failed in representing him on this issue. Regardless, Allen's claim fails. Even if the convictions are too remote in time for the purpose of awarding criminal history

points under the Sentencing Guidelines, they are never too old to be considered for purposes of classification as an Armed Career Criminal.

Even if one could assume that counsel should have made this argument, Allen cannot establish prejudice. That is, Allen cannot establish that the outcome of his proceedings would have been different if only his counsel had made this argument. Allen cannot establish prejudice because, again, there is simply no law holding that "old" prior convictions do not count for purposes of classification as an armed career offender under 18 U.S.C. § 924(e).

Allen's third claim for relief is denied.

**Evidentiary Hearing**

Generally, 28 U.S.C. § 2255 entitles Movant to a hearing on the merits of their petition. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Because the record in this case conclusively establishes that Allen is entitled to no relief, I will not conduct a hearing.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a

certificate of appealability. 28 U.S.C. § 2253 (c)(1)(B). To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994), cert. denied, 513 U.S. 946 (1994)). I am of the opinion that Allen has made no such showing as to the grounds raised in his motion. I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Pierre Allen for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Allen has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2006.